# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# TYLER DIVISION

| | |
|---|---|
| EMG TECHNOLOGY, LLC,<br><br>        Plaintiff,<br><br>    v.<br><br>DILLARD'S, INC.,<br><br>        Defendant. | Case No. 6:15-cv-499<br><br>**JURY TRIAL DEMANDED** |

## COMPLAINT FOR PATENT INFRINGEMENT

Plaintiff EMG Technology, LLC ("EMG") alleges as follows for its complaint against Defendant Dillard's, Inc. ("Dillard's"):

## JURISDICTION AND VENUE

1. This is an action for patent infringement in violation of the Patent Act of the United States, 35 U.S.C. §§ 1 et seq.

2. This Court has original and exclusive subject matter jurisdiction over the patent infringement claims for relief under 28 U.S.C. §§ 1331 and 1338(a).

3. The Court has personal jurisdiction over Dillard's because Dillard's has transacted and is transacting business in the Eastern District of Texas that includes, but is not limited to, the use, and promotion of the use of, products and systems that practice the subject matter claimed in the patents involved in this action.

4. Venue is proper in this district under 28 U.S.C. § 1391(b-c) and 1400(b) because a substantial part of the events or omissions giving rise to the claims occurred in this District

where Dillard's has done business and committed infringing acts and continues to do business and to commit infringing acts.

## PARTIES

5. EMG is a limited liability company organized under the laws of the State of California with its principal place of business in Los Angeles, California.

6. EMG is informed and believes, and on that basis alleges, that Dillard's is a Delaware corporation with its principal place of business at 1600 Cantrell Road, Little Rock, AR 72201, and that it has conducted business in this Judicial District. EMG is further informed and believes, and on that basis alleges, that Dillard's derives a significant portion of its revenue from the promotion and/or sale of its products and services through its systems, web servers, and software associated with its Internet web sites, including at least http://m.dillards.com ("Accused Instrumentalities").

7. EMG is informed and believes, and on that basis alleges, that, at all times relevant hereto, Dillard's has done and continues to do business in this judicial district.

## PATENTS

8. United States Patent No. 6,600,497 (the "'497 Patent") entitled "Apparatus and Method to Navigate Interactive Television Using Unique Inputs with a Remote Control" was duly and legally issued on July 29, 2003. A true and correct copy of the '497 Patent is attached hereto as Exhibit "A" and incorporated herein by this reference. By a series of assignments, EMG is now the assignee of the entire right, title and interest in and to the '497 Patent, including all rights to enforce the '497 Patent and to recover for infringement. The '497 Patent is valid and in force.

9. United States Patent No. 7,194,698 (the "'698 Patent") entitled "Method to Advertise and Search on Television for Web Content Using A Simplified Interface" was duly and legally issued on March 20, 2007. A true and correct copy of the '698 Patent is attached hereto as Exhibit "B" and incorporated herein by this reference. By a series of assignments, EMG is now the assignee of the entire right, title and interest in and to the '698 Patent, including all rights to enforce the '698 Patent and to recover for infringement. The '698 Patent is valid and in force.

## FIRST CLAIM FOR RELIEF

### Infringement of the '497 Patent

10. EMG refers to and incorporates herein by reference paragraphs 1-9.

11. Dillard's, by the acts complained of herein, and by making, using, selling, offering for sale, and/or importing in the United States, including in the Eastern District of Texas, instrumentalities embodying the invention, has in the past, does now, and continues to infringe the '497 Patent directly, contributorily and/or by inducement, literally and/or under the doctrine of equivalents, in violation of 35 U.S.C. § 271.

12. At least since the filing of this complaint, Dillard's has had actual knowledge of the '497 patent.

13. On information and belief, Dillard's has knowingly and actively induced the infringement of one or more of the '497 patent claims by, *inter alia*, marketing and promoting the Accused Instrumentalities, knowingly and intending that the use of such instrumentalities by Dillard's customers and by users infringes the '497 patent. For example, Dillard's intends to induce such infringement by, among other things, promoting users to display and navigate mobile websites, including at least http://m.dillards.com, knowing that the display and navigation

of Dillards' mobile websites on a user's portable device or cell phone infringes one or more claims of the '497 Patent.

14. On information and belief, Dillard's has contributed to the infringement of the '497 patent by, *inter alia*, marketing and promoting products. Defendant has used and promoted within the United States the Accused Instrumentalities, which are not staple articles or commodities of commerce suitable for substantial non-infringing use, and are known by Dillard's to be especially made or especially adapted to the infringe the '497 patent. As a result, Dillards' Accused Instrumentalities have been used by its customers and by users to infringe the '497 patent. Dillard's continues to engage in acts of contributory infringement of the '497 patent.

15. By reason of the acts of Dillard's alleged herein, EMG has suffered damage in an amount to be proved at trial.

16. Dillard's threatens to continue to engage in the acts complained of herein and, unless restrained and enjoined, will continue to do so, all to EMG's irreparable injury. It would be difficult to ascertain the amount of compensation that would afford EMG adequate relief for such future and continuing acts, and a multiplicity of judicial proceedings would be required. EMG does not have an adequate remedy at law to compensate it for the injuries threatened.

## SECOND CLAIM FOR RELIEF

### Infringement of the '698 Patent

17. EMG refers to and incorporates herein by reference paragraphs 1-9.

18. Dillard's, by the acts complained of herein, and by making, using, selling, offering for sale, and/or importing in the United States, including in the Eastern District of Texas, instrumentalities embodying the invention, has in the past, does now, and continues to infringe

the '698 Patent directly, contributorily and/or by inducement, literally and/or under the doctrine of equivalents, in violation of 35 U.S.C. § 271.

19. At least since the filing of this complaint, Dillard's has had actual knowledge of the '698 patent.

20. On information and belief, Dillard's has knowingly and actively induced the infringement of one or more of the '698 patent claims by, *inter alia*, marketing and promoting the Accused Instrumentalities, knowingly and intending that the use of such instrumentalities by Dillards' customers and by users infringes the '698 patent.  For example, Dillard's intends to induce such infringement by, among other things, promoting users to display and navigate mobile websites, including at least http://m.dillards.com, knowing that the display and navigation of Dillards' mobile websites on a user's portable device or cell phone infringes one or more claims of the '698 Patent.

21. On information and belief, Dillard's has contributed to the infringement of the '698 patent by, *inter alia*, marketing and promoting products.  Defendant has used and promoted within the United States the Accused Instrumentalities, which are not staple articles or commodities of commerce suitable for substantial non-infringing use, and are known by Dillard's to be especially made or especially adapted to infringe the '698 patent.  As a result, Dillards' Accused Instrumentalities have been used by its customers and by users to infringe the '698 patent.  Dillard's continues to engage in acts of contributory infringement of the '698 patent.

22. By reason of the acts of Dillard's alleged herein, EMG has suffered damage in an amount to be proved at trial.

23. Dillard's threatens to continue to engage in the acts complained of herein and, unless restrained and enjoined, will continue to do so, all to EMG's irreparable injury.  It would

be difficult to ascertain the amount of compensation that would afford EMG adequate relief for such future and continuing acts, and a multiplicity of judicial proceedings would be required. EMG does not have an adequate remedy at law to compensate it for the injuries threatened.

## JURY DEMAND

24.     EMG demands a jury trial on all issues so triable.

## PRAYER FOR RELIEF

WHEREFORE, EMG prays for relief as follows:

A.     For an order finding that the '497 and '698 patents are valid and enforceable;

B.     For an order finding that Dillard's has infringed the '497 and '698 patents directly, contributorily and/or by inducement, in violation of 35 U.S.C. § 271;

C.     For an order temporarily, preliminarily and permanently enjoining Dillard's, its officers, directors, agents, servants, affiliates, employees, subsidiaries, divisions, branches, parents, attorneys, representatives, privies, and all others acting in concert or participation with any of them, from infringing the '497 and '698 patents directly, contributorily and/or by inducement, in violation of 35 U.S.C. § 271;

D.     For an order directing Dillard's to file with the Court, and serve upon EMG's counsel, within thirty (30) days after entry of the order of injunction, a report setting forth the manner and form in which it has complied with the injunction;

E.     For an order awarding EMG general and/or specific damages adequate to compensate EMG for the infringement by Dillard's, including a reasonable royalty and/or lost profits, in amounts to be fixed by the Court in accordance with proof, including enhanced and/or exemplary damages, as appropriate, as well as all of the profits or gains of any kind made by Dillard's from its acts of patent infringement;

LA 11990185v1

  F. For an order awarding EMG pre-judgment interest and post-judgment interest at the maximum rate allowed by law;

  G. For an order requiring an accounting of the damages to which EMG is found to be entitled;

  H. For an order declaring this to be an exceptional case pursuant to 35 U.S.C. § 285 and awarding EMG its attorneys' fees;

  I. For an order awarding EMG its costs of court; and

  J. For an order awarding EMG such other and further relief as the Court deems just and proper.

DATED:  May 27, 2015    Respectfully Submitted,

        By: */s/ Charles Ainsworth*

Charles Ainsworth
State Bar No.  00783521
Robert Christopher Bunt
State Bar No. 00787165
PARKER, BUNT & AINSWORTH, P.C.
100 E. Ferguson, Suite 1114
Tyler, TX 75702
903/531-3535
903/533-9687
E-mail: charley@pbatyler.com
E-mail: rcbunt@pbatyler.com

LA 11990185v1